**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA LONGOBARDI, Individually and as Special Administrator of the Estate of EUGENE LONGOBARDI, deceased, | ) ) ) ) | |
| | ) | Case No. 1:20-cv-4367 |
| Plaintiff, | ) ) | |
| v. | ) ) | Circuit Court of Cook County: 2019L002580 |
| BORG-WARNER CORPORATION, by its successor-in-interest, BORG-WARNER MORSE TEC, INC, et. al. | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, Honeywell International Inc., *f/k/a* AlliedSignal Inc., as successor-in-interest to The Bendix Corporation (hereinafter referred to as "Honeywell" or "Removing Defendant"), by and through their attorneys, Jennifer Jerit Johnson, Shannon M. Harvey, Jennifer L. Smith, and Matthew J. O'Malley of Tressler LLP, and pursuant to 28 U.S.C. §§1332, 1441, and §1446, remove Case No. 2019 L 0025801, entitled *PAMELA LONGOBARDI, et al. vs. BORG WARNER CORPORATION., et al.,* now pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof states as follows:

### BACKGROUND

1.      This cause of action arises out of an alleged injury to the Plaintiff's decedent, Eugene Longobardi, where Plaintiff claims that the decedent served in the U.S. Army and was exposed to and inhaled asbestos fibers and/or asbestiform fibers emanating from certain products

he was working with and around, which were manufactured, sold, distributed or installed by the Defendants. (*See* attached Third Amended Complaint, **Exhibit 1**).

2.     Plaintiff alleges that the decedent, Eugene Longobardi ("Mr. Longobardi") developed mesothelioma on account of Defendants' negligent and willful and wanton action and inaction. *See*, Exhibit 1.

3.     Plaintiff seeks damages in an amount in excess of fifty thousand dollars ($50,000), which is merely the standard, minimal jurisdictional amount required to be pled in state court in Illinois. *Id*.

4.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 (a)(l) because the procedural requirements for removal are satisfied, and this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

5.     On June 2, 2020, Plaintiff served a Summons copy of the order permitting an amendment to Plaintiff's Second Amended Complaint to add Honeywell as a Defendant. Plaintiff did not include a copy of the Third Amended Complaint, and therefore did not properly serve Honeywell. Plaintiff later served the Third Amended Complaint on Honeywell on June 19, 2020.

6.     Honeywell timely removed this matter on July 1, 2020, pursuant to 28 U.S.C. § 1446(b). *See* Case No.: 1:20-cv-3877 [DE 1].

7.     After the court ordered briefs on the status of settled defendant, Navistar, Inc., *f/k/a* International Truck and Engine Corporation ("Navistar"), the court remanded the matter back to Cook County Circuit Court on July 21, 2020, holding that because Navistar had not been formally

dismissed from the lawsuit at the time of removal, and being an Illinois entity, the parties were not diverse pursuant to 28 U.S.C. § 1332. [DE 20 in Case No.: 1:20-cv-3877].

8.      The next day, Navistar was dismissed from the lawsuit following a good faith finding of settlement between the Plaintiff and Navistar. (*See* attached July 22, 2020 Order, **Exhibit 2**).

9.      Honeywell files this instant Notice of Removal within 30 days of the voluntary order dismissing Defendant Navistar. For purposes of removal, this Notice of Removal is timely under 28 U.S.C. § 1446(c).

10.     In accordance with the Federal Rules of Civil Procedure copies of all executed process, pleadings, and orders served upon this defendant are attached hereto as **Exhibit 3**. 28 U.S.C. § 1446 (a).

11.     All properly served and named Defendants consent to this Notice of Removal. 28 U.S.C. § 446(b). *See* Defendants' Consent to and Joinder in Removal attached as **Exhibit 4**.

12.     The United States District Court for the Northern District of Illinois, Eastern Division, embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 93(a)(l) and 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, which reflects the style of the case exactly as it was styled in state court, is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court, Cook County, Illinois.

14.     The appropriate filing fee has been tendered to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

15.     This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. A copy of the civil cover sheet is attached hereto as **Exhibit 5**.

16.     If any question arises regarding the propriety of the removal of this action, the removing defendant respectfully requests the opportunity to present a brief and an oral argument in support of the position that this case is removable.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Plaintiff, upon information and belief, is a citizen of Tennessee. An individual's citizenship in regard to diversity subject matter jurisdiction is the individual's domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (stating that "[c]itizenship for purposes of the diversity jurisdiction is domicile and domicile is the place one intends to remain").

19.     Defendant Honeywell is a Delaware corporation with its principal place of business in North Carolina.

20.     Defendant, DCO, LLC ("DCO") is a Virginia corporation with its principal place of business in Ohio. DCO is a citizen of Georgia and Florida by virtue of the following. DCO is wholly owned by Enstar Holdings (US) LLC.  Enstar Holdings (US) LLC, is a Delaware limited liability company wholly owned by Enstar USA, Inc.  Enstar USA, Inc. is a Georgia corporation with its principal place of business in Florida.

21.     Defendant, Mack Truck, Inc. is Pennsylvania corporation with its principal place of business in North Carolina.

22.     Defendant John Crane, Inc. (John Crane) is an Illinois corporation with its principal place of business in Illinois. For reasons set forth more fully below, Honeywell asserts that Plaintiff

has fraudulently joined John Crane in this matter as there is no basis in fact for it to be a defendant in this case.

23.     It is apparent from the face of the Complaint that the amount in controversy in this product liability case, including plaintiff's alleged wage loss claim, substantially exceeds $75,000, exclusive of interest and costs. *Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co*., 637 F.3d 827, 830 (7th Cir. 2011) ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court"). Further, plaintiff's alleged loss wage claim far exceeds this court's $75, 000 minimal jurisdictional standard.

24.     Given the serious nature of the alleged injuries and the broad scope of damages requested, the Complaint plainly satisfies the jurisdictional amount requirement. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

25.     While John Crane is a defendant in this case, Honeywell maintains that it is named fraudulently and solely to defeat diversity jurisdiction.

26.     Plaintiff's Complaint has no specific allegations against John Crane. As recent as June 2, 2020 John Crane filed a Motion to Dismiss based on Plaintiff's failure to allege a specific claim against John Crane.   *See*, Motion, attached hereto as **Exhibit 6**. Additionally, John Crane received a stipulation that the three testifying witnesses (the decedent prior to his death and his two co-workers) would not testify to using or being around John Crane products.  As such, no witnesses identified John Crane. *See* Stipulation letters from Eugene Longobardi's and Roy Haynes' deposition, and stipulation in Alfred Rose's deposition transcript (*see* 69; 5-12), attached hereto as **Exhibit 7.**

27.     On June 30, 2020 Honeywell requested that Plaintiff dismiss John Crane.  On the same day, Plaintiff's counsel informed Honeywell Plaintiff will not dismiss John Crane.

28.     A party seeking a different forum based on fraudulent joinder bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015).

29.     For cases involving a forum defendant, the factors are: (1) the plaintiff's right to select the from and the general interest in confining federal jurisdiction to its appropriate limits, versus (2) the defendant's statutory right of removal and guarding against abusive pleading practices. *See*, *Bahalim v. Ferring Pharm., Inc.,* No. 16 C 8335, 2017 WL 118418  (N.D. Ill. Jan. 12, 2017).

30.     In this case, Plaintiff cannot establish facts that could give rise to liability against John Crane as evidenced by the stipulations, lack of testimony indicating any negligent or willful and wanton action or inaction against John Crane, Inc. and John Crane's continued effort moving the court to dismiss it from this action.

31.     The instant case would be removable if John Crane were not fraudulently named as a defendant.  This court should determine, here, as it did in *Bahalim*, fraudulent joinder and allow for removal as all requirements are met.

WHEREFORE, the Removing Defendants, HONEYWELL INTERNATIONAL INC., f/k/a ALLIEDSIGNAL INC., as successor-in-interest to THE BENDIX CORPORATION, remove Case No. 2019 L 002580, entitled Case No. 2019 L 002580, entitled *PAMELA LONGOBARDI, et al. vs. BORG WARNER CORPORATION* now pending in the Circuit Court of Cook County,

Illinois, County Department, Law Division, to the United States District Court for the Northern

District of Illinois, Eastern Division, and/or for any other order this Court deems just.

Respectfully submitted,

HONEYWELL INTERNATIONAL INC., f/k/a
ALLIEDSIGNAL INC., as successor-in-interest to
THE BENDIX CORPORATION

BY: /s/ Shannon M. Harvey
            One of Its Attorneys

Attorneys for the Defendant, Honeywell International Inc. f/k/a Allied Signal, Inc., as successor-in-interest to The Bendix Corporation
Jennifer Jerit Johnson
Shannon M. Harvey
Jennifer L. Smith
Matthew J. O'Malley
TRESSLER LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 627-4000
Fax: (312) 627-1717
jjohnson@tresslerllp.com
sharvey@tresslerllp.com
momalley@tresslerllp.com

Doc. 4824-7830-3940