FILED
5/21/2020
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L002580

65649803
May 21 2020
09:12AM

9298070

# IN THE CIRCUIT COURT
# COOK COUNTY, ILLINOIS

| | |
|---|---|
| PAMELA LONGOBARDI, Individually and as Special Administrator of the Estate of EUGENE LONGOBARDI, deceased,<br><br>Plaintiff,<br><br>-vs.-<br><br>BORG-WARNER CORPORATION, *by its successor-in-interest* BORG-WARNER MORSE TEC, INC.,<br>CBS CORPORATION, *f/k/a* VIACOM, INC., *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORP.,<br>CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., *f/k/a* Motion Control Industries, Inc. as successor-in-interest to Carlisle Corporation,<br>CUMMINS, INC.,<br>DCO, LLC,<br>EATON CORPORATION *f/k/a* CUTLER-HAMMER,<br>FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST *as successor to* FEL-PRO,<br>GENERAL ELECTRIC COMPANY,<br>**HONEYWELL INTERNATIONAL, INC.,**<br>JOHN CRANE, INC.,<br>KELSEY-HAYES COMPANY,<br>MACK TRUCKS, INC.,<br>MOTION CONTROL INDUSTRIES, INC., *as successor-in-interest to* CARLISLE CORPORATION,<br>NAVISTAR, INC., *f/k/a* INTERNATIONAL TRUCK AND ENGINE CORPORATION,<br>PACCAR, INC., *a/k/a* KENWORTH TRUCK COMPANY *a/k/a* PETERBILT MOTORS COMPANY,<br>PNEUMO ABEX CORPORATION, and UNION CARBIDE CORPORATION,<br><br>Defendants. | No. 19-L-002580<br><br>JURY TRIAL DEMANDED<br><br>WRONGFUL DEATH |

## THIRD AMENDED COMPLAINT

## COUNT I

NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

EXHIBIT 1

FILED DATE: 5/21/2020 8:48 AM   2019L002580

COMES NOW the Plaintiff, PAMELA LONGOBARDI, Individually, and as Special Administrator of the Estate of EUGENE LONGOBARDI, deceased, by her attorneys, Flint Law Firm, LLC, and for her cause of action against the Defendants, states:

1. Plaintiff, PAMELA LONGOBARDI currently resides in Hixson, Texas. The Plaintiff's Decedent, EUGENE LONGOBARDI, served in the U.S. Army as a truck driver and performed mechanical maintenance on trucks from 1974 through 1981. Plaintiff was then employed with Columbus Mills from 1982 through 1988 located in Columbus, Georgia as an Information Technology Specialist. Plaintiff was then employed by Amoco Fabrics & Fibers in 1989 located in Hazlehurst, Georgia assisting with machine operation and programming. Plaintiff was then employed by the Tennessee Valley Authority beginning in the 1990's at various locations in and around Nashville and Chattanooga, Tennessee in Technology Support. Plaintiff continues to work on a contractor basis for the Tennessee Valley Authority.

2. Plaintiff brings this action pursuant to 740 ILCS 180/1-2.2, 755 ILCS 5/27-6 and 750 ILCS 65/15.

3. During the course of the Decedent's service in the U.S. Army, the Decedent, EUGENE LONGOBARDI, was exposed to and inhaled asbestos fibers and/or asbestiform fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the Defendants: BORG-WARNER CORPORATION, *by its successor-in-interest* BORG-WARNER MORSE TEC, INC., CBS CORPORATION, *f/k/a* VIACOM, INC., *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORP., CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., *f/k/a* Motion Control Industries, Inc., as successor-in-interest to Carlisle Corporation, CUMMINS, INC., DCO, LLC, EATON CORPORATION *f/k/a* CUTLER-HAMMER, FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST *as successor to* FEL-PRO, GENERAL ELECTRIC COMPANY, JOHN CRANE, INC.,

**HONEYWELL INTERNATIONAL, INC.,** KELSEY-HAYES COMPANY, MACK TRUCKS, INC., MOTION CONTROL INDUSTRIES, INC., *as successor-in-interest to* CARLISLE CORPORATION, NAVISTAR, INC., *f/k/a* INTERNATIONAL TRUCK AND ENGINE CORPORATION, PACCAR, INC., *a/k/a* KENWORTH TRUCK COMPANY *a/k/a* PETERBILT MOTORS COMPANY, PNEUMO ABEX CORPORATION and UNION CARBIDE CORPORATION.

    4.    At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

    5.    The Decedent's exposure to and inhalation of the asbestos fibers and/or asbestiform fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

    6.    The Defendants knew or should have known that the asbestos fibers and/or asbestiform fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

    7.    That on or about March 12, 2018, the Plaintiff and Decedent first became aware that EUGENE LONGOBARDI had developed mesothelioma and at a later date learned that said disease was wrongfully caused.

    8.    That on October 19, 2019, Plaintiff's Decedent died of mesothelioma.

    9.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with and around the products of the Defendants containing asbestos.

    10.    The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

        (a)  Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated

FILED DATE: 5/21/2020 8:48 AM   2019L002580

that persons working with or around them would inhale asbestos fibers and/or asbestiform fibers;

(b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers and/or asbestiform fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers and/or asbestiform fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers and/or asbestiform fibers in them; and

(f) Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

(h) Designed respiratory protection systems, including masks and/or respirators, which failed to protect the Plaintiff from inhaling asbestos fibers and/or asbestiform fibers.

11. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers causing Decedent to develop mesothelioma, which ultimately led to his death; the Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the

inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; that as a further result of his asbestos-induced disease and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the death of the Decedent, his family has been deprived of his means of support and has lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent's estate for funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT II

### WILLFUL AND WANTON

COMES NOW the Plaintiff, PAMELA LONGOBARDI, Individually, and as Special Administrator of the Estate of EUGENE LONGOBARDI, by her attorneys, Flint Law Firm, LLC, and for her cause of action against the Defendants, states:

1. - 9. Plaintiff repeats and realleges Paragraphs 1 - 9 of Count I as and for Paragraphs 1 - 9 of this Count II.

10. Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

> (a) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers and/or asbestiform fibers;

> (b) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers and/or asbestiform fibers would have a toxic, poisonous and highly

deleterious effect upon the health of persons inhaling them;

(c) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d) Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers and/or asbestiform fibers in them;

(e) Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers and/or asbestiform fibers in them; and

(f) Intentionally or with a reckless disregard for the safety of the Decedent, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g) Intentionally or with a reckless disregard for the safety of the Decedent, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

11. Plaintiff repeats and realleges Paragraph 11 of Count I as and for Paragraph 11 of this Count II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT III

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, PAMELA LONGOBARDI, Individually, and as Special Administrator of the Estate of EUGENE LONGOBARDI, by her attorneys, Flint Law Firm, LLC,

and for her cause of action against the Defendants, states:

1. Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2. Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Decedent was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3. It was foreseeable to a reasonable person/entity in the respective positions of Defendants, that said documents and information constituted evidence, which was material to potential civil litigation-namely, asbestos litigation. Said defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4. Plaintiff has sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed and otherwise disposed of said documents and information.

5. Said defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time when they and each of them knew or should have known that the same constituted material evidence in potential civil litigation.

6. As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been

FILED DATE: 5/21/2020 8:48 AM   2019L002580

FILED DATE: 5/21/2020 8:48 AM 2019L002580

compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7. As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that this Court deems appropriate.

## **COUNT IV**

WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, PAMELA LONGOBARDI, Individually, and as Special Administrator of the Estate of EUGENE LONGOBARDI, by her attorneys, Flint Law Firm, LLC, and for her cause of action against the Defendants, states:

1.-5. Plaintiff herein incorporates by reference paragraphs 1-5 of Count III.

6. In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

7. As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

8. As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to

FILED DATE: 5/21/2020 8:48 AM   2019L002580

award:  compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

FLINT LAW FIRM, LLC


By: */s/ Ethan A. Flint*
Ethan A. Flint, #6286170
Laci M. Whitley, #6314263
Tyler B. Wilke, #6314268
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777:  telephone
(618) 288-2864:  facsimile
**ATTORNEYS FOR PLAINTIFFS**
Cook County Firm No. 61062