UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA LONGOBARDI on behalf of ESTATE OF EUGENE LONGOBARDI, | ) ) | |
| | ) | 20 C 4367 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., successor to The Bendix Corporation, BORG-WARNER CORPORATION, successor to Borg Warner Morse Tec, Inc., CBS CORPORATION, f/k/a Viacom, Inc., administrator of Westinghouse Electric Corp., CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., f/k/a Motion Control Industries, Inc., CUMMINS, INC., DCO, LLC, EATON CORPORATION, f/k/a Cutler-Hammer, FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST, successor to Fel-Pro, GENERAL ELECTRIC COMPANY, JOHN CRANE, INC., KELSEY-HAYES COMPANY, MACK TRUCKS, INC., MOTION CONTROL INDUSTRIES, INC., successor to Carlisle Corporation, NAVISTAR, INC., f/k/a International Truck and Engine Corporation, PACCAR, INC., a/k/a Kenworth Truck Company, a/k/a Peterbilt Motors Company, PNEUMO ABEX CORPORATION, and UNION CARBIDE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Eugene Longobardi sued numerous asbestos manufactures in Illinois state court after he developed mesothelioma, a disease he alleged was caused by his exposure to asbestos while serving in the military. Doc. 1-1. After succumbing to the disease, he was replaced as plaintiff by Pamela Longobardi, the administrator of his estate. *Id*. at ¶¶ 1, 8. Pamela amended the complaint to add Honeywell International Inc. as a defendant. Doc. 1 at ¶ 5. Honeywell removed the suit to federal court, but this court remanded it back to state court. *Longobardi v.*

1

*Honeywell Int'l, Inc.*, No. 20 C 3877 (N.D. Ill.) ("*Longobardi I*"), ECF No. 20.  Days later, Honeywell again removed the suit, Doc. 1, and Pamela moves to remand it once again, Doc. 21. The motion is granted.

### Background

Eugene served in the U.S. Army from 1974 to 1981, driving and maintaining trucks. Doc. 1-1 at ¶ 1.  He was exposed to and inhaled asbestos during that period.  *Id*. at ¶ 3.  In 2018, Eugene learned that he had developed mesothelioma and that the disease had been caused by asbestos exposure.  *Id*. at ¶ 7.  In March 2019, he brought this suit in the Circuit Court of Cook County, Illinois, against the companies he believed to be responsible for the manufacture, sale, distribution, and installation of the asbestos materials to which he was exposed.  *Id*. at ¶ 3. Eugene died in October 2019, and Pamela carries on the suit.  *Id*. at ¶¶ 1, 8.

In June 2020, Pamela amended the complaint to add Honeywell as a defendant.  Doc. 1 at ¶¶ 5-6.  Honeywell removed the suit, premising jurisdiction on the diversity statute, 28 U.S.C. § 1332(a).  *Longobardi I*, ECF No. 1.  This court remanded the suit to state court, reasoning that Navistar, Inc., an Illinois citizen, was still a defendant and therefore that the forum defendant rule, *see* 28 U.S.C. § 1441(b)(2), barred removal.  *Longobardi I*, ECF No. 20.  In opposing remand, Honeywell argued that Navistar's formal presence in the suit could be disregarded because Pamela had reached a settlement with Navistar before the removal.  *Longobardi I*, ECF No. 18 at ¶¶ 3-4.  This court disagreed, reasoning that the state court had not yet approved the settlement and therefore that Navistar remained a defendant.  *Longobardi I*, ECF No. 20 at 1.

Shortly after the remand, Pamela's settlement with Navistar was finalized and the state court formally dismissed it from the suit.  Doc. 1 at ¶ 8; Doc. 1-2.  Honeywell then removed the case a second time.  Doc. 1.

**Discussion**

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Pamela gives three reasons for a remand, but it is necessary to reach only one: her argument that Honeywell did not secure the joinder in or consent to removal of all remaining defendants in the case.

The removal statute provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Honeywell's notice of removal states that "[a]ll properly served and named Defendants consent" to the removal. Doc. 1 at ¶ 11. As Pamela observes, however, Honeywell did not receive the consent of Borg-Warner Corporation, a defendant that remained in the suit at the time of the second removal. Doc. 22 at 11-12.

Honeywell concedes that it never obtained Borg-Warner's consent but argues that doing so was unnecessary. Doc. 25 at 3-4. Honeywell explains that before the first removal, it contacted Pamela's counsel "to inquire which defendants were still parties to the matter," and counsel did not list Borg-Warner among the remaining defendants. *Id*. at 3; *see* Doc. 25-1 at 1. Honeywell then removed the suit and, as noted, the court remanded, holding that Navistar's continued presence in the suit precluded removal. *Longobardi I*, ECF No. 20. The court's remand order did not address Honeywell's failure to obtain Borg-Warner's consent to or joinder in the removal. *Ibid*.

After remand, the state court approved Pamela's settlement with Navistar and formally dismissed it from the case. Doc. 1 at ¶ 8; *see* Doc. 1-2. Honeywell then removed the suit a

second time, again without the consent of Borg-Warner, with which a settlement was nigh.
Doc. 25 at 3-4. Honeywell does not claim to have contacted Pamela's counsel before the second
removal for an update of the list of defendants still in the suit. Regardless, Honeywell must have
known that Borg-Warner remained a defendant, as it had access to the state court docket sheet,
and it surely knew from the court's remand order that a defendant remains a defendant for
purposes of the removal statute unless and until it has been formally dismissed from the suit.
*Longobardi I*, ECF No. 20 at 1-2. Honeywell nonetheless went ahead and removed without
obtaining Borg-Warner's consent or joinder, relying on the same theory—that a defendant (this
time Borg-Warner) can be ignored because it was *almost* out of the case—that this court had
rejected as to Navistar in remanding after the first removal.

Honeywell's theory fares no better this time around. Borg-Warner had not been
dismissed from the suit when Honeywell filed its second notice of removal, so the removal was
valid only if Borg-Warner "join[ed] in or consent[ed] to the removal." 28 U.S.C.
§ 1446(b)(2)(A); *cf. Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200, at *2 (N.D. Cal.
Mar. 19, 2010) ("A settlement with a non-diverse party does not establish diversity jurisdiction
unless and until that party is dismissed from the action."). Borg-Warner did neither, so the
removal is invalid, warranting a remand. *See Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir.
2010) ("[V]alid removal generally requires the unanimous consent of all defendants.").

## Conclusion

Pamela's motion to remand is granted. This suit is remanded to the Circuit Court of
Cook County, Illinois. If Honeywell (or any other defendant) removes the suit again, it should
take care to identify each remaining party, and allege the citizenship of each such party, in its
notice of removal. The removing defendant also should bear in mind that it is Eugene's

citizenship, not Pamela's, that is pertinent under the diversity statute. *See* 28 U.S.C. § 1332(c)(2) ("For the purposes of [diversity jurisdiction,] … the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent … ."); *Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("[T]he federal diversity statute treats the legal representative of a decedent's estate … as a citizen of the same state as the decedent … .") (internal quotation marks omitted). Given this, the notice of removal should attach not only the operative state court complaint, but also the original complaint filed by Eugene, which may shed light on his citizenship.

November 10, 2020

_____
United States District Judge

5